# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| **JAMES KEMP** | * | Case No. 1:18-CV-00746-MRB |
| | * | |
| **Plaintiff,** | * | Judge Barrett |
| | * | |
| v. | * | |
| | * | |
| **J.J.B. HILLIARD, W.L. LYONS, LLC** | * | |
| | * | |
| **Defendant.** | * | |
| | * | |

## STIPULATED PROTECTIVE ORDER

The parties to Case No. 1:18-CV-00746, James Kemp ("Plaintiff") and J.J.B. Hilliard, W.L. Lyons, LLC ("Defendant"), stipulate and agree as follows and the Court enters the following Stipulated Protective Order designed to protect the parties' legitimate concerns of confidentiality.

1. The parties expect that this case may involve confidential personal or business information related to Plaintiff, Defendant and/or non-party individuals. Whenever counsel for the producing party believes in good faith that the discovery information contains confidential business or personal information (hereinafter referred to as "Confidential Information"), then counsel may designate such information as "Confidential," in which event such information may only be disclosed to or used by a "Qualified Person" as defined in Paragraph 3. The parties have agreed that such information shall be maintained confidentially.

2. All Confidential Information produced or provided by any party or by any witness through discovery in this action shall be used **only for the purposes of preparing for and conducting litigation proceedings in this action in the manner prescribed herein and for no other purpose.**

3. "Qualified Persons" shall include the following:

   (i) Any party to the action;

   (ii) Counsel of record for the parties in this action and all other attorneys, paralegals, stenographic and clerical employees of the law firm(s) of such counsel of record assisting in the prosecution or defense of this action;

   (iii) Independent experts, consulting firms, or other independent contractors who are not regular employees of a party hereto but who are assisting counsel of record in the prosecution or defense of this action and who have each signed an affidavit in the form of Exhibit A attached hereto;

   (iv) Any deponent in this action who, in the good-faith opinion of counsel, must be shown the contents of any document or other Confidential Information subject to this Order in prosecution or defense of this action and who have each signed an affidavit in the form of Exhibit A attached hereto;

   (v) Any witness at the trial of this action who, in the good-faith opinion of counsel, must be shown the contents of any documents or other Confidential Information subject to this Order in prosecution or defense of this action;

   (vi) Court personnel or any arbitrator or mediator assigned to this action;

   (vii) Any court reporters actually recording proceedings in this action;

   (viii) The author of the Confidential Information; and

   (ix) Other persons as agreed by the producing party or as ordered by the Court.

4. With respect to Paragraph 3 above, the receiving party's counsel shall maintain a complete list of all persons or entities (other than counsel, their staff employees, court personnel, and the parties) who receive or who are shown documents containing Confidential Information by said counsel and, if requested, shall provide this list to the producing party's counsel at the conclusion of this litigation or at any time upon request during the pendency of this litigation.

5. The recipient of any document containing Confidential Information shall maintain such information in a secure and safe area.

6. All Confidential Information provided by the parties pursuant to Paragraph 1 above, shall be designated or labeled by the producing party as "Confidential." If a party wishes to designate any part of a deposition as Confidential Information under this Order, the party shall either make a statement on the record at the time of the disclosure or notify counsel for the other party in writing of the portions and pages of the deposition transcript to be so designated. Counsel for the designating party shall affix the legend "Confidential" to the first page and all subsequent pages of the original transcript that contains Confidential Information, and to the first page, and all subsequent corresponding pages, of all copies of such transcript.

7. This Protective Order does not authorize filing protected materials under seal. No document may be filed with the Court under seal without prior permission as to each such filing, upon motion and for good cause shown, including the legal basis for filing under seal. *See Procter & Gamble Co. v. Bankers Trust Co.,* 78 F.3d 219 (6th Cir. 1996). Unless the Court orders otherwise, all sealed documents shall be filed according to S. D. Ohio Local Rule 5.2.1.

8. Any party objecting to the designation of any document or information as Confidential shall make a good-faith effort to resolve the dispute without intervention of the Court. If any such dispute is submitted to the Court, the documents at issue will retain their Confidential designation until a ruling by the Court and thereafter shall be classified in accordance with such ruling. No party waives any rights it may have with respect to the proprietary nature of this Confidential Information. In the event that a party seeks the Court's intervention regarding a designation hereunder, there shall be no presumption that the information in question is Confidential Information and the burden of proving that the information is Confidential

Information shall remain at all times on the party seeking the designation as Confidential Information.

9. Nothing in this Stipulated Protective Order shall be deemed to preclude the admission into evidence of the Confidential Information in this case. The entry of this Order shall not restrict or limit the use of any information subject to this Order at trial, as the parties herein have reserved all rights to seek admission into evidence of such information and to move the Court to modify this Order to limit or restrict such introduction, use, or reference at trial.

10. This Protective Order shall not affect any party's right to object to the use in this litigation of Confidential Information on any ground. This Protective Order shall not prejudice or affect any party's right to object to the authenticity or admissibility of any evidence at the time of trial. The fact that information or documentation has been designated Confidential shall in no way prejudice the right of any party to contest the confidential proprietary nature of any document or information at the time of trial or otherwise.

11. Notwithstanding any other provisions of this Stipulated Protective Order, this Order has no effect upon any party's use of its own Confidential Information. By agreeing to this Order, no party waives its attorney-client privilege or any other protection provided by federal or state law. This Order shall not abrogate or diminish any contractual, statutory, or other legal obligation or right of any party or persons with respect to any information subject to this Order.

12. Nothing contained in this Stipulated Protective Order shall apply to (a) information that becomes public without action of any person subject to this Order or (b) information that was rightfully possessed by the party receiving it prior to its production in the proceedings of this action.

13. The provisions of this Stipulated Protective Order shall continue to be binding upon the conclusion of this action. The Court retains jurisdiction over the parties for enforcement of the provisions of this Order following the conclusion of this action.

14. This Stipulated Protective Order is without prejudice to the right of any party to apply to the Court for an interpretation or a modification of this Order or for an order permitting other information produced in discovery herein to be treated as confidential, pursuant to the terms of this Order.

15. Any waiver under this Stipulated Protective Order must be made in writing or, if at a deposition, on the record. Any waiver unless expressly made general, shall be deemed limited to the specified purposes of the request or proceeding involved, and shall not otherwise waive any of the protection provided by this Order.

16. **Within 30 days after receipt of written notice of the final disposition of this lawsuit, whether by judgment and exhaustion of all appeals, or by settlement, all persons who have received documents containing Confidential Information shall destroy or return such documents, and all copies thereof, to the producing party.**

IT IS SO ORDERED this 3d day of June 2019.

                                             /s/ *Michael R. Barrett*
                                             UNITED STATES DISTRICT JUDGE

HAVE SEEN AND AGREED:

| */s/ David K. Montgomery* | */s/ Mark J. Byrne (via email auth.)* |
|---|---|
| David K. Montgomery (0040276) | Mark J. Byrne (0029243) |
| Gabriel M. Fletcher (0096916) | JACOBS, KLEINMAN, SEIBEL & |
| **JACKSON LEWIS, P.C.** | McNALLY, LPA |
| PNC Center, 26th Floor | Cincinnati Club Building |
| 201 E. Fifth Street | 30 Garfield Place, Suite 905 |
| Cincinnati, OH 45202 | Cincinnati, Ohio 45202 |
| Telephone: (513) 898-0050 | Telephone: (513) 381-6600 |
| Facsimile: (513) 898-0051 | Facsimile: (513) 381-4150 |
| Email: david.montgomery@jacksonlewis.com | Email: mbyrne@jksmlaw.com |
| Email: gabriel.fletcher@jacksonlewis.com | |
| | |
| *Counsel for Defendant* | *Counsel for Plaintiff* |

# EXHIBIT A

## NON-DISCLOSURE AGREEMENT

I, _____, do solemnly swear that I am fully familiar with the terms of the Stipulated Protective Order entered in the case of *James Kemp v. J.J.B. Hilliard, W.L. Lyons, LLC,* United States District Court for the Southern District of Ohio, Case No. 1:18-CV-00746, and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further Order of this Court. I hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.

Dated: _____      Signed: _____

Printed Name: _____

Address: _____

Phone: _____

4813-1694-3255, v. 1